UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES JACKSON, ET AL. CIVIL ACTION

VERSUS NO. 26-550-SDD-EWD

ASSOCIATED GROCERS, INC.

**ORDER**

This personal injury matter was filed on December 2, 2025 in the United States District Court for the Southern District of Mississippi, Eastern Division, by Charles Jackson, Wallace Jackson, Jr. and Dewayne Westbrook ("Plaintiffs") against Associated Grocers, Inc. ("Defendant") and Anthony Demond Moore ("Moore"), asserting diversity subject matter jurisdiction.[1] On May 15, 2026, the Southern District of Mississippi granted in part Defendants' Rule 12(b)(3) Motion to Dismiss, or Alternatively, Motion to Transfer Venue and ordered the case transferred to this Court.[2] This Court docketed receipt of the transfer Order, received the electronic docketed sheet, and assigned the new docket number on May 19, 2026.[3] In the midst of the transfer, Plaintiffs filed their Notice of Voluntary Dismissal Without Prejudice ("Notice") on May 18, 2026 pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(i).[4] The Notice was not transferred with the rest of the docket; however, in the parties' Joint Status Report filed in this Court, Plaintiffs explained the Court that the Notice was filed in the Southern District of Mississippi before the transfer

---

[1] R. Doc. 2, ¶¶ 1-5, 14 (intervening paragraph numbers were omitted), originally filed as *Jackson, et al. v. Associated Grocers, Inc., et al.*, No. 25-cv-178 (S.D. Miss. Dec. 2, 2025), R. Doc. 1. On January 23, 2026, Plaintiffs voluntarily dismissed their claims against Moore. R. Doc. 9.

[2] R. Docs. 5, 27.

[3] R. Doc. 28.

[4] No. 25-178 (S.D. Miss. May 18, 2026), R. Doc. 28, which is attached hereto.

of the case to this Court, and represented that the parties jointly request that this case be dismissed for lack of jurisdiction.[5]

In support of the Notice, Plaintiffs assert that, Rule 41(a)(1)(A)(i) dismissal is appropriate because Defendant has not served an answer or a motion for summary judgment. Plaintiffs further assert that the Notice was effective immediately upon filing in the Southern District of Mississippi, without the necessity of a court order, which rendered the transfer Order a nullity. This is because, while the case was ordered transferred here, the Notice was filed in the Southern District of Mississippi *before* this Court received the electronic docket and docketed the case here, and thus the Southern District of Mississippi retained jurisdiction over the case at the time the Notice was filed, which automatically terminated the case as of right. Plaintiffs assert that there is no controversy over which this Court can currently exercise jurisdiction.[6]

Rule 41(a)(1)(A)(i) provides:

> (a) Voluntary Dismissal.
>
> (1) *By the Plaintiff.* (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment….

---

[5] R. Doc. 31. The Joint Status Report also advised that Plaintiffs refiled their claims against Associated Grocers, Inc. in the Southern District of Mississippi to cure a pleading error (post-transfer), and that case was also ordered transferred to this Court. No. 26-78 (S.D. Miss July 14, 2026), R. Doc. 7. It was received in this Court on July 20, 2026, assigned docket number No. 26-781-BAJ-SDJ (M.D. La.), and is currently pending.

[6] R. Doc. 28, p. 1, citing *In re Space Expl. Techs., Corp.*, No. 24-40103, 2024 WL 982501, at *1 (5th Cir. Feb. 26, 2024) ("Transfer is not complete the moment a case is electronically sent to an out-of-circuit court. Rather, the case must be both sent and *docketed* for a transfer to be complete.") and R. Doc. 31, pp. 1-2, citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516–17 (10th Cir. 1991) ("The date the papers in the transferred case are docketed in the transferee court, not the date of the transfer order, consequently, forms the effective date that jurisdiction in the transferor court is terminated.") and *Ptasynski v. Kinder Morgan G.P., Inc.*, 220 Fed.Appx. 876 (10th Cir. 2007).

Plaintiffs are correct that Defendant has not filed an answer or a motion for summary judgment. Plaintiffs are also correct that a Rule 41(a)(1)(A)(i) Notice is "immediately self-effectuating,"[7] and their Notice was filed prior to this Court's receipt of the electronic docket and docketing of the case. Moreover, while, "[g]enerally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district court,"[8] the Fifth Circuit has held, in connection with its own retention of jurisdiction over a transferred case:

> Our court has not been stripped of its jurisdiction until transfer has been completed.Transfer is not complete the moment a case is electronically sent to an out-of-circuit court. Rather, the case must be both sent and *docketed* for a transfer to be complete. *See Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) ("We adopt the docketing date as the time of effective transfer.... Once jurisdiction is properly obtained by the appellate court it is not terminated by the subsequent completion of a section 1404 transfer."); 17 James William Moore et al., Moore's Federal Practice § 111.64(2)(a) (3d ed. 1999) ("[G]enerally the transferor court, including the circuit court, loses jurisdiction as soon as the files in the case are transferred *and docketed* in the transferee court." (emphasis added)).[9]

---

[7] *Kipp Flores Architects, L.L.C. v. AMH Creekside Dev., L.L.C.,* No. 23-50750, 2026 WL 2453096, at *5 (5th Cir. Aug. 21, 2026) ("[A] Rule 41(a)(1) dismissal is "immediately self-effectuating…."), citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010); *see also Waetzig v. Halliburton Energy Servs.*, Inc., 604 U.S. 305, 308 (2025) (explaining that a Rule 41(a) dismissal is "effective without any court action)."). *See also Qureshi*, 600 F.3d at 525 ("We have conclusively explained that [a Rule 41(a)(1)(A)(i) notice of dismissal] is immediately self-effectuating: Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.... There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.") (citation omitted).

[8] *Panasonic Ent. & Commc'n Co. v. Optimum Imaging Techs. LLC,* No. 24-847, 2024 WL 5063662, at *1 (E.D. Tex. Dec. 10, 2024) (citations omitted).

[9] *In re Space Expl. Techs., Corp.,* No. 24-40103, 2024 WL 982501, at *1 (5th Cir. Feb. 26, 2024). *See also Panasonic Ent. & Commc'n Co.,* 2024 WL 5063662, at *1 (same) and *Conecsus, LLC v. Filter Tech., Ltd.,* No. 21-1034, 2021 WL 3725940, at *1 (N.D. Tex. Aug. 23, 2021) ("The date the papers in the transferred case are docketed in the transferee court ... forms the effective date that jurisdiction in the transferor court is terminated.") (citations omitted). *See also* 15 Wright and Miller Federal Practice & Procedure § 3846 (4th ed. 2026) ("When a motion for transfer under 28 U.S.C.A. § 1404(a) is granted *and the papers are lodged*

Finally, the Joint Status Report reflects that the parties jointly seek dismissal, and Defendant has not indicated otherwise.

Accordingly,

In light of the Notice of Voluntary Dismissal Without Prejudice, filed by Plaintiffs Charles Jackson, Wallace Jackson, Jr. and DeWayne Westbrook, which automatically terminated the case without a Court order when it was filed in the United States District Court for the Southern District of Mississippi, before the transfer of the case to this Court,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Clerk of Court shall **TERMINATE** this case, as it was voluntarily dismissed by Plaintiffs pursuant to Rule 41(a)(1)(A)(i) before the transfer.

Baton Rouge, Louisiana on the 2nd day of November, 2026.

Shelly D. Dick

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

*with the clerk of the transferee court*, the transferor court and the appellate court for the circuit in which that court sits lose jurisdiction over the case and may not proceed further with regard to it.")(emphasis added). 28 U.S.C. § 1404 applies to transfers of cases that were filed in courts of proper venue. This case was transferred pursuant to 28 U.S.C. § 1406(a), which permits transfer of cases that were filed in courts of improper venue; however, it is not apparent how, if at all, that distinction would change the timing of the effective date of the transfer, as discussed in this Order, nor has any party argued that it would.